UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUBREY LEE BROTHERS II,<br><br>Plaintiff,<br><br>v.<br><br>CHITA BUENAFE, et al.,<br><br>Defendants. | **CASE NO. 1:17-cv-00607-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983 on May 1, 2017. Plaintiff has consented to Magistrate Judge jurisdiction in this case. (ECF No. 5). No other parties have appeared.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.  Plaintiff's Allegations

Plaintiff is currently incarcerated at the California State Prison, Los Angeles County in Lancaster, California ("CSP—LAC"), however he complains of acts that occurred at the California State Prison, Corcoran in Corcoran, California ("CSP—COR"). Plaintiff brings this action against three Defendants: Dr. Chita Buenafe, a dentist; N.

Flores, a dental assistant; and T. Hood, a correctional officer, for violation of his . Plaintiff First, Eighth, and Fourteenth Amendment rights.

Plaintiff alleges:

On March 10, 2014, Dr. Buenafe and N. Flores implanted electrodes into his brain through a filling in his tooth. Dr. Buenafe told Plaintiff that he was "crazy" and the implant was necessary to control him. Since then, Plaintiff has suffered headaches and strange vibrations, movements and severe pain in his brain. His repeated requests for medical attention regarding the implant and his symptoms have been denied. Eventually, Plaintiff underwent an MRI which supposedly showed signs of a healed cranial fracture even though Plaintiff has never had a cranial fracture. The doctors falsely reported the fracture to cover up implantation of the electrodes. The implanted electrodes are being used to cause Plaintiff pain and control him.

Plaintiff alleges further that Officer Hood falsely charged Plaintiff with an RVR in retaliation for Plaintiff's complaints about the electrodes.

Finally, Plaintiff alleges prison officials threatened to kill him via electric shocks to his brain and also threatened to harm his family.

Plaintiff attaches sheaves of documents to his complaint, including appeals records and medical records. He seeks monetary, injunctive, and declaratory relief.

**IV.     Discussion**

   **A.     Implausible Allegations**

Plaintiff's claims stem from his belief that a prison doctor implanted electrodes into Plaintiff's brain in order to control and manipulate Plaintiff. Such allegations are so implausible, outlandish, and far-fetched as not to be believed. See Nietzke v. Williams, 490 U.S. 319, 327-28 (1989) (section 1915(d) accords judges the authority to "pierce the veil of the complaint's factual allegations" and dismiss claims "describing fantastic or delusional scenarios"). As such, the Court will not entertain claims relating to the alleged implanting of electrodes in Plaintiff's brain or use of such electrodes to control or punish Plaintiff.

Although it is reasonable to conclude that Plaintiff's complaint is the product of delusion, the Court will give him one opportunity to amend and undertake to allege constitutional claims, if any, not related to the implantation of electrodes. The Court sets out below the criteria for making those claims that might relate to Plaintiff's concerns.

### B. Unnamed Defendants

The caption of Plaintiff's complaint names three individuals, but Plaintiff names additional individuals and entities within the body of his complaint. Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief. . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). The Court will not address any allegations made against individuals not named in the caption.

### C. Eighth Amendment Medical Indifference

Plaintiff alleges he experienced pain and headaches after his March 10, 2014 dental appointment. To the extent Plaintiff actually suffered serious pain, and Defendants were deliberately indifferent to that pain, Plaintiff will be granted leave to amend to allege, if true, how Defendants failed to address Plaintiff's objectively serious medical needs.

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds,* Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014) (citation and

quotation marks omitted); Wilhelm, 680 F.3d at 1122.

The second element of an Eighth Amendment claim is subjective deliberate indifference, which involves two parts. Lemire, 726 F.3d at 1078. Plaintiff must demonstrate first that the risk to his health from Defendants' acts or omissions was obvious or that Defendants were aware of the substantial risk to his health, and second that there was no reasonable justification for exposing him to that risk. Id. (citing Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)) (quotation marks omitted). There must be some causal connection between the actions or omissions of each named defendant and the violation at issue; liability may not be imposed under a theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77; Lemire, 726 F.3d at 1074-75; Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

### D.  **Fourteenth Amendment Due Process**

Plaintiff claims he was issued a false RVR for battery against another inmate.

"The Due Process Clause does not provide a guarantee that Plaintiff will be free from fabricated accusations." Saenz v. Spearman, No. CV-1:09-00557-GSA-YNP, 2009 WL 2365405, *8 (E.D. Cal. July 29, 2009). Rather, the Due Process Clause protects prisoners from being arbitrarily deprived of a liberty interest without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Hewitt v. Helms, 459 U.S. 460, 466 (1983). The prisoner must next establish that the prison failed to meet the minimal procedural requirements before depriving him of that interest. Wolff, 418 U.S. at 556. In the prison disciplinary context, the minimum procedural requirements that satisfy due process are as follows: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the

prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). Plaintiff will be given leave to amend.

### E. Retaliation

Plaintiff claims he was threatened with electrical shocks to his brain, among other things, in retaliation for his complaints about the electrodes he believes were implanted in his brain. As noted, the Court will not entertain fantastic allegations regarding electrodes implanted in Plaintiff's brain. If, however, Plaintiff believes that he was improperly retaliated against for exercising some form of protected conduct, the standards he must adhere to are below.

Section 1983 provides for a cause of action against prison officials who retaliate against inmates for exercising their constitutionally protected rights. Pratt v. Rowland, 65 F.3d 802, 806 n. 4 (9th Cir. 1995) ("[R]etaliatory actions by prison officials are cognizable under § 1983.") Within the prison context, a viable claim of retaliation entails five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his constitutional rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord* Watison v. Carter, 668 F.3d at 1114-15; Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Brodheim v. Cry, 584 F.3d at 1269.

The second element focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on

circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In terms of the third prerequisite, filing a complaint or grievance is constitutionally protected. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).

With respect to the fourth prong, the correct inquiry is to determine whether an official's acts "could chill a person of ordinary firmness from continuing to engage in the protected activity[]." Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006); see also White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000).

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d at 532.

## V.   Conclusion

Plaintiff's complaint will be dismissed. The Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130-31; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at

555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend;
3. The Clerk's Office shall send Plaintiff a blank complaint form along with a copy of the complaint filed May 1, 2017;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff must either file an amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal;
5. If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to prosecute and failure to obey a court order.

IT IS SO ORDERED.

Dated:   July 13, 2017                       /s/ *Michael J. Seng*
                                                                              UNITED STATES MAGISTRATE JUDGE