UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUBREY LEE BROTHERS, II,<br><br>Plaintiff,<br><br>v.<br><br>CHITA BUENAFE, et al.,<br><br>Defendants. | **Case No. 1:17-cv-00607-MJS (PC)**<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>**(ECF No. 9)**<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 11)**<br><br>**THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983 on May 1, 2017. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5). No other parties have appeared.

On July 13, 2017, Plaintiff's complaint was dismissed with thirty days leave to amend. (ECF No. 6.) Plaintiff requested and was granted one extension of time. (ECF Nos. 7; 8.) On August 11, 2017, Plaintiff's first amended complaint was filed. (ECF No. 10.) On August 31, 2017, without first seeking leave of the Court, Plaintiff lodged another amended complaint. (ECF No. 11.) The parties and factual allegations are identical to those in Plaintiff's first amended complaint; the only difference between the two relates to

Plaintiff's discussion of the issue of exhaustion of his administrative remedies.

The court will treat, and assess, the most recent amended complaint (ECF No. 11) as the operative pleading.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Pleading Standard**

Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law. 42 U.S.C. § 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962,

969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III. Plaintiff's Allegations

Plaintiff is currently incarcerated at the California State Prison, Los Angeles County in Lancaster, California ("CSP—LAC"). However he complains of acts that occurred at the California State Prison, Corcoran in Corcoran, California ("CSP—COR"). Plaintiff brings this action against three Defendants: Dr. Chita Buenafe, a dentist; N. Flores, a dental assistant; and E. Clark, a medical doctor who reviewed Plaintiff's inmate appeals. Plaintiff alleges that Defendants violated the Eighth Amendment.

Specifically, in the first amended complaint, Plaintiff alleges that Defendants Buenafe and Flores's March 10, 2014 dental surgery left him with a fractured left orbital bone and in serious pain. Plaintiff verbally complained and filed an inmate appeal. Defendant Clark reviewed the appeal and ordered an October 2014 MRI which confirmed the orbital fracture. Defendants, nevertheless, took no further action to treat Plaintiff's pain or the underlying injury.

Plaintiff seeks declaratory judgment and monetary damages.

### IV. Discussion

#### A. Eighth Amendment Deliberate Indifference

##### 1. Defendants Buenafe and Flores

In the original complaint, Plaintiff brought an Eighth Amendment claim against Defendants Buenafe and Flores (as well as a third Defendant no longer in the action) for Eighth Amendment violations. (ECF No. 1.) In that version of the complaint, Plaintiff alleged that Defendants Buenafe and Flores used the dental procedure to implant electrodes in Plaintiff's mouth to track and control him. (ECF No. 1.) The complaint was dismissed as implausible. (ECF No. 6.) Plaintiff was granted leave to amend to

demonstrate how Defendants should have, but failed to, address his objectively serious medical needs. (Id.)

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (internal citations, punctuation and quotation marks omitted). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay or intentionally interfere with medical treatment.'" Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)).

"A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting Estelle, 429 U.S. at 104). Serious medical needs include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; [and] the existence of chronic and substantial pain." McGuckin, 974 F.2d at 1059-60.

To prevail on a claim for deliberate indifference to serious medical needs, a

prisoner must demonstrate that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

"In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).

"The indifference to a prisoner's medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this claim. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs." Lemire, 726 F.3d at 1081-82 (internal citations, punctuation and quotation marks omitted); accord, Cano v. Taylor, 739 F.3d 1214, 1217 (9th Cir. 2014). Moreover, "[a] difference of opinion between a physician and the prisoner -- or between medical professionals -- concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989)).

Plaintiff has adequately pled the first element of his claim, namely that he has a serious medical condition which, if left untreated, could be expected to cause, and does cause, pain.

The second element of an Eighth Amendment claim, subjective deliberate indifference, involves two parts. Lemire, 726 F.3d at 1078. Plaintiff must demonstrate first that the risk to his health from Defendants' acts or omissions was obvious or that

5

Defendants were aware of the substantial risk to his health, and second that there was no reasonable justification for exposing him to that risk. Id. (citing Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)) (quotation marks omitted). There must be some causal connection between the actions or omissions of each named defendant and the violation at issue; liability may not be imposed under a theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77; Lemire, 726 F.3d at 1074-75; Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff again fails to state a cognizable deliberate indifference claim. His allegations are too vague and conclusory and do not address the criteria necessary to state such a claim. The Court will provide Plaintiff with **one more opportunity** to submit a cognizable claim against Defendants.

As currently stated, Plaintiff merely states that "as a result" of the dental procedure he suffered a fracture of his left orbital wall and "received no help." (ECF No. 11 at 3.). Plaintiff does not allege any act or omission by either Defendant that suggests that the fracture resulted from obvious or intentional acts or that Defendants were aware of a substantial risk to Plaintiff's health. Lemire, 726 F.3d at 1078. If Plaintiff wishes to make a deliberate indifference claim against these Defendants for causing the left orbital fracture, he must allege facts showing that his injury was "a result" of some act or omission by Defendants which they knew would expose him to substantial and unjustifiable risk. At present, the most liberal reading of Plaintiff's claim is that Defendants made a mistake or did something wrong to cause the fracture. However, the fracture could conceivably be a known or commonly accepted risk of the procedure performed, or it may reflect error or medical malpractice. Neither, however, is enough to support a claim that they violated a right guaranteed under the United States Constitution.

Plaintiff additionally alleges that even though he complained of pain to Defendants Buenafe and Flores, he "received no help." This is insufficient to allege a failure to treat claim. See Ahdom v. Lopez, No. 1:09–cv–01874–AWI–BAM, 2015 WL 5922020, *6 (where a plaintiff's allegations merely stated that he complained to doctors of a lack of

effective pain management and they "failed to do anything to assist" him, the court determined that this was too vague and conclusory to state a cognizable claim). Plaintiff must allege facts from which the Court could conclude that Defendants were in a position to alleviate Plaintiff's pain and deliberately elected to ignore it.

The Court will provide Plaintiff with one final opportunity to amend his complaint and address the deficiencies identified above..

### 2. Defendant Clark

Concerning Defendant Clark, Plaintiff alleges that Clark interviewed Plaintiff, ordered an MRI, and yet did "nothing . . . to ease [Plaintiff's] pain or resolve [Plaintiff's] problems." (ECF No. 11 at 4.) As with the allegations of improper pain management by Defendants Buenafe and Flores, Plaintiffs' claim against Defendant Clark is too vague and conclusory to state a cognizable claim. See Ahdom, 2015 WL 5922020 at *6. Here too, Plaintiff must allege facts showing that Clark was in a position to relieve Plaintiff's pain but intentionally ignored it.

Plaintiff will have one more opportunity to amend his complaint to state a cognizable claim against Defendant Clark.

## V. Motion to Appoint Counsel

Finally, on August 11, 2017, Plaintiff filed a motion to appoint counsel. (ECF No. 9.) Plaintiff's motion does not present the reason that he seeks the appointment of counsel, but rather merely states the standards for appointment in a civil action, as well as assertions that Plaintiff has attempted unsuccessfully to retain several private attorneys.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a

reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances, nor, as noted above, does Plaintiff's motion even attempt to make the case that this matter presents exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this stage in the proceedings, the Court cannot make a determination that plaintiff is likely to succeed on the merits. Furthermore, based on a review of the record in this case, in particular, the improvements made to Plaintiff's claims from the original complaint to the first amended complaint analyzed above, the Court does not find that plaintiff cannot adequately articulate his claims. Id.

**VI.    Conclusion**

Plaintiff's first amended complaint will be DISMISSED. The Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130-31; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files a second amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-

77; Starr, 652 F.3d at 1205-07.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to appoint counsel (ECF No. 9) is **DENIED**.
2. Plaintiff's first amended complaint (ECF No. 11) is **DISMISSED** with leave to amend;
3. The Clerk's Office shall send Plaintiff a blank complaint form along with a copy of the complaint filed August 31, 2017;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff must either file a second amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal;
5. If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to prosecute and failure to obey a court order.

IT IS SO ORDERED.

Dated: October 19, 2017      /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE