# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUBREY LEE BROTHERS, II,<br><br>Plaintiff,<br><br>v.<br><br>CHITA BUENAFE, et al.,<br><br>Defendants. | **Case No. 1:17-cv-00607-MJS (PC)**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO THIS CASE**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS SECOND AMENDED COMPLAINT WITH PREJUDICE**<br><br>**(ECF No. 15)**<br><br>**FOURTEEN-DAY OBJECTIONS DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983 on May 1, 2017. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5). No other parties have appeared.

On July 13, 2017, Plaintiff's complaint was dismissed with leave to amend. (ECF No. 6.) On August 11, 2017, Plaintiff's first amended complaint was filed. (ECF No. 10.) On August 31, 2017, without first seeking leave of the Court, Plaintiff lodged another amended complaint. (ECF No. 11.) The Court screened the more recent of the two amended complaints. (ECF No. 11). On October 19, 2017, the Court dismissed the first

amended complaint with thirty days leave to amend. (ECF No. 12.) Plaintiff requested and was granted one extension of time. (ECF Nos. 13; 14.) On December 8, 2017, Plaintiff filed a second amended complaint, which is now before the Court for screening. (ECF No. 15.)

For the reasons set forth below, the Court finds Plaintiff has stated no cognizable claims for relief. The Court recommends that Plaintiff's second amended complaint be dismissed with prejudice. The undersigned directs the Clerk of Court to assign a District Judge to this action to rule upon the following recommendations.

## I.  Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  Pleading Standard

Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law. 42 U.S.C. § 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual

allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III. Plaintiff's Allegations

Plaintiff is currently incarcerated at the California State Prison, Los Angeles County in Lancaster, California, however he complains of acts that occurred at the California State Prison, Corcoran in Corcoran, California ("CSPC"). Plaintiff brings this action against three Defendants: Dr. Chita Buenafe, a dentist; N. Flores, a dental assistant; and E. Clark, a medical doctor who reviewed Plaintiff's inmate appeals. Plaintiff alleges that Defendants violated the Eighth Amendment.

#### A. Original Complaint and Screening Order

In the original complaint, Plaintiff brought an Eighth Amendment claim against Defendants Buenafe and Flores (as well as a third Defendant who is no longer named in this action) for Eighth Amendment violations. (ECF No. 1.) In that version of the complaint, Plaintiff alleged that Defendants Buenafe and Flores used the dental procedure to implant electrodes in Plaintiff's mouth and used them to track and control him. (ECF No. 1.) In the Court's first screening order, the complaint was dismissed as implausible. (ECF No. 6.) Plaintiff was advised that to the extent he actually suffered serious pain after his March 10, 2014 dental appointment, and Defendants were deliberately indifferent to that pain, Plaintiff would be granted leave to amend to demonstrate how Defendants should have but failed to address his objectively serious

3

medical needs. (Id.)

## B. First Amended Complaint and Screening Order

In the first amended complaint, Plaintiff alleged that Defendants Buenafe and Flores performed dental surgery on him on March 10, 2014. As a result of the surgery, his left orbital bone was fractured, leaving him in serious pain. Plaintiff verbally complained to defendants about the pain and filed an inmate appeal. Defendant Clark reviewed Plaintiff's inmate appeal and ordered an October 2014 MRI which revealed the left orbital fracture. Despite the MRI findings and Plaintiff's repeated complaints of severe pain, Defendants took no further action to treat Plaintiff's pain or the underlying injury.

The Court dismissed the claims against Defendants Buenafe and Flores as being overly vague, speculative and conclusory. Specifically, the undersigned determined that Plaintiff had failed to specify the acts of Defendants that actually caused the fracture of Plaintiff's left orbital wall. (ECF No. 12.) To the extent Plaintiff might want to claim deliberate indifference against these Defendants for not addressing his pain, he had to provide more than the vague statement that he made a complaint of pain and "received no help." (Id.) The same conclusion was reached with regard to Plaintiff's claim that he presented complaints of pain to Defendant Clark and, although ordering an MRI, he failed to treat the pain. Plaintiff was advised of what was necessary to assert such a claim and provided "**one more opportunity**" to submit a cognizable claim against Defendants. (ECF No. 12 at 6-7)

## C. Second Amended Complaint

The second amended complaint repeats the basic allegations of the first amended complaint, except that Plaintiff repeatedly emphasizes that the dental procedure was "'unrequested'" (ECF No. 15 at 3, 5-7, 9), alludes to the allegation in the original complaint about implantation of electrodes (id. at 4-5), and alleges he blacked out an fell as a result of the orbital fracture (id. at 4-5, 9).

Plaintiff seeks declaratory judgment and monetary damages.

## IV. Discussion

### A. Eighth Amendment Deliberate Indifference

#### 1. Defendants Buenafe and Flores

Plaintiff has not resolved deficiencies identified in the previous screening order (ECF No. 12), so the Court recommends dismissal without further leave to amend.

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (internal citations, punctuation and quotation marks omitted). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay or intentionally interfere with medical treatment.'" Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)).

"A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting Estelle, 429 U.S. at 104). Serious medical needs include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily

activities; [and] the existence of chronic and substantial pain." McGuckin, 974 F.2d at 1059-60.

To prevail on a claim for deliberate indifference to serious medical needs, a prisoner must demonstrate that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

"In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).

"The indifference to a prisoner's medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this claim. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs." Lemire, 726 F.3d at 1081-82 (internal citations, punctuation and quotation marks omitted); accord, Cano v. Taylor, 739 F.3d 1214, 1217 (9th Cir. 2014). Moreover, "[a] difference of opinion between a physician and the prisoner -- or between medical professionals -- concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989)).

### a. Left Orbital Fracture

Plaintiff has adequately pled the first element of his claim, namely that he has a serious medical condition which, if left untreated, could be expected to cause, and does

6

cause, pain.

However, the second amended complaint fails to resolve the issues identified in the first amended complaint. Specifically, the Court stated previously:

> If Plaintiff wishes to make a deliberate indifference claim against these Defendants for causing the left orbital fracture, he must allege facts showing that his injury was "a result" of some act or omission by Defendants which they knew would expose him to substantial and unjustifiable risk. At present, the most liberal reading of Plaintiff's claim is that Defendants made a mistake or did something wrong to cause the fracture. However, the fracture could conceivably be a known or commonly accepted risk of the procedure performed, or it may reflect error or medical malpractice. Neither, however, is enough to support a claim that they violated a right guaranteed under the United States Constitution.

(ECF No. 12 at 6.)

Concerning the actions of Defendants Buenafe and Flores, Plaintiff alleges only that they conducted an "unrequested" dental procedure "resulting" in Plaintiff's left orbital wall fracture. (ECF No. 15 at 3-5.) While Plaintiff describes in greater detail the pain, and resulting blackout and fall, he suffered from the fracture, he provides no information to suggest that the fracture resulted from deliberate indifference.

This claim is not cognizable and must be dismissed.

### b. Pain Allegations

Plaintiff's allegations concerning Defendants' treatment of his pain following the dental procedure also remain too vague to state a cognizable claim. The Court previously found the allegation that Plaintiff complained of pain to Defendants Buenafe and Flores and "received no help" insufficient to state a deliberate indifference claim. See Ahdom v. Lopez, No. 1:09–cv–01874–AWI–BAM, 2015 WL 5922020, *6 (where a plaintiff's allegations merely stated that he complained to doctors of a lack of effective pain management and they "failed to do anything to assist" him, the court determined that this was too vague and conclusory to state a cognizable claim). The Court, here, found that Plaintiff must allege facts from which the Court could conclude that Defendants were in a

position to alleviate Plaintiff's pain and deliberately elected to ignore it. (ECF No. 12 at 7.)

Plaintiff's new allegations concerning his pain are that Defendant Buenafe "knew of . . . my serious pain caused by her 3-10-2014 'unrequested' dental procedure resulting in my left orbital wall fracture because I told her the very moment I felt the injury just before I blacked out and fell." (ECF No. 15 at 3.) Plaintiff further alleges that Defendant Flores, as a dental assistant during the March 10 procedure, witnessed Plaintiff "reporting [his] injury as [he] felt it happen[.]" (Id. at 5.) Plaintiff alleges that both Defendants were deliberately indifferent to his medical needs by not reporting his blackout and fall. (Id. at 3, 5.) Plaintiff also avers that Defendant Buenafe "failed to provide me pain medication to treat my serious pain which caused blackout from left orbital wall fracture, failing to report injury, failing to report patient blackout and fall delaying the process to getting emergency treatment and by maliciously telling me that [they were] implanting electrodes per court order[.]" (Id. at 3.)

As in the first amended complaint, Plaintiff's claim concerning his pain is vague and conclusory. He merely reports that a dental procedure left him in pain and that effective pain medication was not provided. Based upon the allegations stated in the second amended complaint, Defendants Buenafe and Flores were aware only that Plaintiff was in pain during the dental procedure. (Id. at 3, 5.) It is not uncommon for dental procedures to cause temporary pain or discomfort.

Plaintiff does allege that he was in serious pain for several months after the left orbital wall fracture (Id. at 7-8.), but does not allege that any of these Defendants were aware of this ongoing pain, and, if they were, how they responded. Plaintiff states he filed healthcare requests with "medical and dental" in the months following the procedure (before filing a 602 inmate appeal), but does not allege that either of these Defendants were aware and failed to respond to them.

As stated in the previous screening order, Plaintiff must allege facts from which the Court can conclude that Defendants knew of, and were in a position to alleviate, Plaintiff's pain and deliberately elected to ignore it. The second amended complaint does not

8

provide such information.

Plaintiff has been afforded two opportunities to amend his complaint already, further amendment would be futile. Accordingly, the claims against Defendants Buenafe and Flores must be dismissed with prejudice.

### 2. Defendant Clark

Concerning Defendant Clark, Plaintiff alleges that he reviewed Plaintiff's 602 inmate appeal filed in July after the March procedure and ordered an MRI, but did not resolve Plaintiff's pain thereafter. (ECF No. 15 at 6-8.) Plaintiff avers that Defendant Clark was aware of Plaintiff's serious pain and orbital fracture, and was in a position to treat the injury, but did not do so. (Id.) The timeline provided in the second amended complaint contradicts these allegations, however.

Specifically, Plaintiff alleges that he filed an inmate appeal concerning his serious pain in July of 2014. In September of 2014, Plaintiff was seen and interviewed by Defendant Clark for this appeal. (Id. at 8.) Defendant Clark then ordered an MRI, which was taken on October 6, 2014. (Id.) According to Plaintiff, the MRI revealed a left orbital wall fracture that had already started to heal and "no medical treatment could be provided." (Id.) Because Plaintiff admits that no treatment could be provided by the time that Defendant Clark became aware of the specific nature of the injury (i.e., after the MRI), Plaintiff cannot allege that Defendant Clark was in a position to treat the injury. Thus, Plaintiff does not present a cognizable claim for deliberate indifference against him.

Accordingly, the Court finds that Plaintiff's conclusory allegation that Defendant Clark violated his Eighth Amendment rights is insufficient. Further amendment would be futile, and so the claim must be dismissed with prejudice.

## V. Conclusion and Recommendations

IT IS HEREBY ORDERED that the Clerk of Court assign a District Judge to this case for the purposes of ruling on these recommendations.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Plaintiff's second amended complaint be DISMISSED with prejudice for failure to state cognizable claims

9

for relief against all Defendants.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: February 27, 2018     /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE