UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUBREY LEE BROTHERS, II,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>Defendants. | Case No. 1:17-cv-00607-LJO-JDP<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>ECF Nos. 25, 26 |

Plaintiff Aubrey Lee Brothers, II, is proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's third amended complaint is awaiting screening under 28 U.S.C. § 1915A. Plaintiff has filed two motions seeking the appointment of counsel. ECF Nos. 25, 26. He states that appointment of counsel is necessary because the case is complex, and he lacks the mental capacity to prosecute the case effectively. *See id*.

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998), and the court lacks the authority to require an attorney to represent plaintiff, *see Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford

1

counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

The court cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. The allegations in the complaint are not exceptionally complicated. Based on a review of the record, it is not apparent that plaintiff is unable to articulate his claims adequately. Further, at this stage in the proceedings, the court cannot determine whether plaintiff is likely to succeed on the merits.

The court may revisit this issue at a later stage of the proceedings if the interests of justice so require. If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel

Accordingly, plaintiff's motions for the appointment of counsel, ECF Nos. 25, 26, are denied without prejudice.

IT IS SO ORDERED.

Dated:   December 7, 2018

UNITED STATES MAGISTRATE JUDGE