UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUBREY LEE BROTHERS, II, <br><br> Plaintiff, <br><br> v. <br><br> CHITA BUENAFE, N. FLORES, and EDGAR CLARK, <br><br> Defendants. | Case No. 1:17-cv-00607-LJO-JDP <br><br> SCREENING ORDER <br><br> FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF PROCEED ON COGNIZABLE CLAIMS AND THAT NON-COGNIZABLE CLAIMS BE DISMISSED WITHOUT LEAVE TO AMEND <br><br> OBJECTIONS DUE IN 14 DAYS <br><br> ECF No. 24 |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's Third Amended Complaint, filed May 10, 2018, is before the court for screening under 28 U.S.C. § 1915A. We find that plaintiff has stated a cause of action against defendants Buenafe and Flores for medical deliberate indifference, but that plaintiff has failed to state a claim against defendant Clark. We recommend that the cognizable claims against defendants Buenafe and Flores be allowed to proceed and that all other claims be dismissed with prejudice. The court will authorize service of the complaint as to defendants Buenafe and Flores by separate order.

## I. SCREENING AND PLEADING REQUIREMENTS

A district court is required to screen a prisoner's complaint that seeks relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2). The court must construe an unrepresented litigant's complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The short and plain statement "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555 (internal quotation marks omitted)). The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679.

## II. FACTUAL ALLEGATIONS

In 2014, Plaintiff was incarcerated at California State Prison, Corcoran ("CSPC"). Plaintiff brings this action against defendants Chita Buenafe, a dentist, N. Flores, a dental assistant, and Edgar Clark, a medical doctor who reviewed plaintiff's inmate appeals. On March 10, 2014, defendants Buenafe and Flores performed dental surgery on plaintiff. ECF No. 24 at 3. The surgery caused plaintiff to suffer a left orbital wall fracture. *Id.* Plaintiff informed defendants Buenafe and Flores of the fracture as he felt it, just before he blacked out and fell. *Id.* at 4. Defendants Buenafe and Flores told plaintiff to "put in a dental request to reduce pain and fix injury," and plaintiff submitted dental requests on March 10 and March 11, 2014. *Id.*

Plaintiff was seen again by defendants Buenafe and Flores on March 11, 2014, but they would not provide plaintiff with pain relief, instead instructing plaintiff to submit more medical requests. *Id.* Plaintiff submitted medical requests about his continuing pain and other symptoms but was not treated. *Id.* at 5, 13-15. Plaintiff suffered from "excruciating brain pain" that worsened over time. *Id.* at 17. Plaintiff also experienced hot and cold flashes and temporary losses of vision, which, together with the pain, caused discomfort and loss of concentration. *Id.* at 18. Plaintiff was in pain and discomfort for six months while defendants Buenafe and Flores refused to treat him. *Id.* at 6.

In May and July, plaintiff submitted inmate appeal grievances related to his healthcare, including the dental work and subsequent pain. *Id.* at 17-27. On September 22, 2014, defendant Clark reviewed plaintiff's appeals, then ordered an MRI of the brain and follow-up with plaintiff's "yard physician." *Id.* at 36. On October 6, 2014, plaintiff had an MRI that revealed "an old left medial orbital wall fracture." *Id.* at 11.

**III. DISCUSSION**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the deprivation of a right secured by the U.S. Constitution and laws of the United States, and (2) show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

At the outset, we recognize that allegations of medical negligence are insufficient to state a claim for deliberate indifference to serious medical needs. *See Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002). Additionally, a difference of opinion concerning the judgment of treating medical professionals falls outside of § 1983. *See Sanchez v. Vild*, 891 F.2d 240, 242

(9th Cir. 1989). However, plaintiff's allegations against defendants Buenafe and Flores, liberally construed, go beyond mere negligence. Plaintiff alleges that defendants Buenafe and Flores caused a bone fracture during a dental procedure, the refused to treat the fracture. He alleges that their refusal to treat caused him harm in the form of increasing dysfunction and pain. Plaintiff's allegations state a cognizable claim for violation of plaintiff's Eighth Amendment rights against defendant Buenafe and Flores. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (a deliberate indifference to serious medical needs claim consists of two parts: (1) a "serious medical need" demonstrated by a failure to treat a prisoner's medical condition that could result in further significant injury or the unnecessary and wanton infliction of pain; and (2) "deliberate indifference" —demonstrated by (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference). Accordingly, the court will allow plaintiff's claims to proceed against defendants Buenafe and Flores.

The factual circumstances regarding defendant Clark, however, are different. Clark was a reviewing physician on plaintiff's inmate appeal who recommended an MRI and follow-up with plaintiff's treating physician. Plaintiff has failed to allege facts that, even liberally construed, could support a finding of deliberate indifference on the part of defendant Clark. *See Jett*, 439 F.3d at 1096. Plaintiff has been given multiple opportunities to amend his complaint; further amendment would be futile. Therefore, plaintiff's claim against defendant Clark should be dismissed with prejudice.

## IV.     RECOMMENDATIONS

The undersigned has screened plaintiff's complaint and finds that plaintiff states claims against defendants Buenafe and Flores for medical deliberate indifference in violation of the Eighth Amendment. We recommend that the court allow plaintiff to proceed on these claims and dismiss with prejudice all other claims, namely plaintiff's claims against defendant Clark for medical deliberate indifference.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the

service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: March 8, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 204