UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUBREY LEE BROTHERS, II,<br><br>           Plaintiff,<br><br>     v.<br><br>CHITA BUENAFE, *et al.*,<br><br>           Respondent. | Case No. 1:17-cv-00607-NONE-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF No. 39 |

Plaintiff Aubrey Lee Brothers is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Brothers alleges that defendants—a dentist and dental assistant working at California State Prison, Corcoran—violated his Eighth Amendment rights by causing a skull fracture during a 2014 dental procedure and then refusing to treat the injury and attendant pain. *See* ECF No. 28 at 4. On November 5, 2019, defendants moved for summary judgment, arguing that plaintiff failed to his exhaust his administrative remedies. *See* ECF No. 39.[1] Brothers filed in opposition on February 3, 2020, ECF No. 49, and the defendant replied on February 11, ECF No. 51.[2] Because defendants have not satisfied their initial burden

---

[1] As required by *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998), plaintiff was provided with notice of the requirements for opposing a summary judgment motion via an attachment to defendant's motion for summary judgment. *See* ECF No. 39.

[2] Plaintiff also filed a supplemental response, and defendants filed a supplemental reply. *See* ECF

1

1    of showing that plaintiff failed to exhaust his administrative remedies, we recommend that the

2    court deny defendants' motion for summary judgment.

3    **DISCUSSION**

4          Summary judgment is appropriate when there is "no genuine dispute as to any material

5    fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In a

6    summary judgment motion for failure to exhaust, the defendants have the initial burden of

7    establishing "that there was an available administrative remedy, and that the prisoner did not

8    exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014).  If the

9    defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence

10   showing that there is something in his particular case that made the existing and generally

11   available administrative remedies effectively unavailable to him." *Id.*  The ultimate burden of

12   persuasion remains with defendants, however.  *Id.*

13         Here, the court finds that defendants have not satisfied their initial burden of showing that

14   plaintiff failed to exhaust his administrative remedies. In particular, health-care grievance

15   number 16051799 appears—construing the facts in favor of the non-moving party—to have

16   exhausted plaintiff's administrative remedies.  Indeed, the state's final administrative response to

17   that grievance notes clearly that "[t]his decision exhausts your administrative remedies."  ECF

18   No. 39-4 at 102.

19         Defendants contend that this grievance "did not address the claims in this case" because it

20   "did not assert that Defendants refused to treat Brothers, nor did it mention anything about

21   Defendants after the dental procedure." *Id*.  We disagree: the grievance in question is connected

22   to the claims in this case.  The grievance complained of pain that followed "a botched

23   'unrequested' dental filing procedure" performed "by dental assistant Flores and Dr. Nguyen."[3]

---

Nos. 52, 53. While defendants are correct that supplemental responses are typically not allowed under our rules, in this instance it appears that plaintiff largely forgot to attach exhibits to his original materials. However, while the court has read the supplement filings, we need not decide whether to accept them: the materials needed to decide this motion are all attached to defendants' original submission.

[3] While defendants do not raise the issue, plaintiff appears to have included the wrong doctor's name in this grievance. But the fact that plaintiff did not name a specific defendant in his

2

1  ECF No. 39-4 at 106.  Plaintiff stated that he had "never had any old cranium fractures until this
2  moment," *id.*, and notes simply that, as a result of this treatment, "I am in pain," *id.* at 105.
3  Indeed, the prison's administrative response acknowledged forthrightly that plaintiff's complaints
4  were "due to dental work completed in 2014."  *Id.* at 102.

5      The law of our circuit is that a "a grievance suffices if it alerts the prison to the nature of
6  the wrong for which redress is sought."  *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009).
7  Plaintiff's grievance may have contained idiosyncrasies and misspellings, and may not have
8  contained the precise theory of liability.  But it put the prison on notice of the general harm he is
9  alleged to have suffered—and it is the same harm at issue here.  That was sufficient.  After all, the
10 "primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not
11 to lay groundwork for litigation."  *Id.* (9th Cir. 2009).

12     In addition, inmates "are not required to file and exhaust a separate grievance each time
13 they allegedly receive inadequate medical care for an ongoing condition."  *Lewis v. Naku*, No.
14 CIV S-07-0090-RRB-DAD, 2007 WL 3046013, at *5 (E.D. Cal. Oct. 18, 2007); *see also Millner
15 v. DiLeo*, No. 1:17-cv-00507-LJO-SAB, 2019 WL 316827, at *7 (E.D. Cal. Jan. 24, 2019)
16 (same).  Plaintiff's pain was ongoing, and the prison was on notice about the origin.

17     Because the court is persuaded that defendants have not carried their initial burden,
18 summary judgment for failure to exhaust is inappropriate.

19     **FINDINGS AND RECOMMENDATIONS**
20     We recommend that:
21     1. Defendants' motion for summary judgment for failure to exhaust administrative

---

grievance, contrary to a procedural rule that he do so, does not contravene the exhaustion requirement.  The Ninth Circuit (and at least seven other circuits) have held that "the [Prison Litigation Reform Act ("PLRA")] exhaustion requirement is satisfied if prison officials decide a potentially procedurally flawed grievance on the merits."  *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016).  This is so, the court reasoned, because "[w]hen prison officials opt not to enforce a procedural rule but instead decide an inmate's grievance on the merits, the purposes of the PLRA exhaustion requirement have been fully served: prison officials have had a fair opportunity to correct any claimed deprivation and an administrative record supporting the prison's decision has been developed."  *Id.* at 658.  Here, as in *Reyes*, "defendants cannot argue that prison officials were unaware of the involvement of physicians" who were not named in the grievance.  *Id.* at 659.

remedies, ECF No. 39, should be denied.

    2. The case should be referred back for further proceedings.

We submit the findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   September 29, 2020         /s/ Jeremy Peterson
                                                          UNITED STATES MAGISTRATE JUDGE

No. 205.