UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUBREY LEE BROTHERS, II,<br><br>Plaintiff,<br><br>v.<br><br>CHITA BUENAFE, N. RAMIREZ,<br><br>Defendant. | Case No. 1:17-cv-00607-NONE-HBK<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STRIKE SURREPLY AND DIRECTING CLERK TO STRIKE PLAINTIFF'S SURREPLY<br><br>(Doc. Nos. 80, 81) |

Pending review before the court is plaintiff's pleading titled "reply to defendant's reply to plaintiff's opposition to motion for summary judgment" construed as a surreply. (Doc. No. 80). Defendants filed a response to the surreply incorporating a motion to strike plaintiff's surreply. (Doc. No. 81). For the reasons set forth below, the court grants defendants' motion to strike plaintiff's surreply.

I.  BACKGROUND

Plaintiff Aubrey Lee Brothers, II, a state prisoner, initiated this action on May 1, 2017 by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1). Defendants moved for summary judgment. (Doc. Nos. 63). Plaintiff filed an opposition (Doc. No. 76) and defendants filed a reply (Doc. No. 78). On April 5, 2021, plaintiff filed an unauthorized surreply (Doc. No. 80) and defendants moved to strike the surreply from the record. (Doc. No. 81).

## II. APPLICABLE LAW

Neither the Federal Rules of Civil Procedure, nor the Local Rules for the Eastern District of California permit the filing of a surreply as a matter of right. *See Garcia v. Biter*, 195 F.Supp.3d at 1131 (E.D. Ca. July 18, 2016) (noting the plaintiff did not have a right to file a surreply under the local rules or under the Federal Rules of Civil Procedure). However, district courts have discretion to permit, or preclude, a surreply. *Id.* at 1133 (other citations omitted). While courts are required to provide *pro se* litigants leniency, the court generally views motions for leave to file a surreply with disfavor and will not consider granting a motion seeking leave to file a surreply absent good cause shown. *Id.* (other citations omitted). The surreply reasserts the same arguments raised by plaintiff in his opposition.

## III. ANALYSIS

Here, defendants' motion for summary judgment was deemed submitted and ripe for review on March 18, 2021 when defendants filed their reply to plaintiff's opposition. (Doc. No. 78). Plaintiff did not seek leave to file a surreply and instead filed a surreply on April 5, 2021. (Doc. No. 80). Plaintiff has not requested leave too file a surreply nor shown good cause to file a surreply. Because Federal Rule of Civil Procedure 12(f) authorizes the court to strike any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter, the court will grant defendants' motion and will strike plaintiff's surreply. *See id*. Accordingly, the court will not consider the arguments in plaintiff's surreply (Doc. No. 80) or in defendants' reply to plaintiff's surreply. (Doc. No. 81).

Accordingly, it is now **ORDERED**:

1. Defendants' motion to strike plaintiff's surreply (Doc. No. 81) is **GRANTED**.

2. The Clerk of Court shall **strike** plaintiff's surreply (Doc. No. 80).

IT IS SO ORDERED.

Dated:   April 13, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28