UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUBREY LEE BROTHERS, II,<br><br>Plaintiff,<br><br>v.<br><br>CHITA BUENAFE, N. RAMIREZ,<br><br>Defendant. | Case No. 1:17-cv-00607-NONE-HBK<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 88) |

Pending review before the court is plaintiff's motion titled "Objections to Magistrate Judge's Findings and Recommendations regarding plaintiff sur-reply" construed as a motion for reconsideration under Federal Rule of Civil Procedure 60(b). (Doc. No. 88).

I. BACKGROUND

Plaintiff Aubrey Lee Brothers, II, a state prisoner, initiated this action on May 1, 2017 by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1). Defendants moved for summary judgment. (Doc. Nos. 63). Plaintiff filed an opposition (Doc. No. 76) and defendants filed a reply. (Doc. No. 78). The motion for summary judgment remains pending before this court. On April 5, 2021, plaintiff filed an unauthorized surreply (Doc. No. 80) and defendants moved to strike the surreply from the record. (Doc. No. 81). On April 14, 2021, the court granted defendant's motion to strike the surreply. (Doc. No. 83). On April 20, 2021, plaintiff filed a "Reply to Defendant's Response to Plaintiff's Improper Sur Reply." (Doc. No. 84). This reply (Doc. No.

84) was stricken as an unauthorized pleading. (Doc. No. 86). Plaintiff now seeks the court to reconsider the order granting defendant's motion to strike the surreply. (Doc. No. 83).

II. APPLICABLE LAW AND ANALYSIS

The court construes petitioner's motion as a motion for reconsideration brought under Federal Rule of Civil Procedure 60(b). (Doc. Nos. 17, 18). Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See United States v. Westland Water Dist.,* 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

Rule 60(b) provides relief from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Under Local Rule, the moving party seeking reconsideration of an order must submit an "affidavit . . . setting forth the material facts" that show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Here, petitioner has not stated any reasons under Rule 60(b)(1)-(5) for this court to reconsider its order striking petitioner's unauthorized pleading, such as the discovery of new evidence, fraud, or mistake. Rather, petitioner states that he believed that he was permitted to file a surreply to defendant's reply to plaintiff's opposition to defendant's motion for summary judgment. (Doc. No. 78). Plaintiff is mistaken. As stated in this court's April 14, 2021 order,

2

neither the Federal Rules of Civil Procedure, nor the Local Rules for the Eastern District of California permit the filing of a surreply as a matter of right. *See Garcia v. Biter*, 195 F.Supp.3d at 1131 (E.D. Ca. July 18, 2016) (noting the plaintiff did not have a right to file a surreply under the local rules or under the Federal Rules of Civil Procedure). However, district courts have discretion to permit, or preclude, a surreply. *Id.* at 1133 (other citations omitted). While courts are required to provide *pro se* litigants leniency, the court generally views motions for leave to file a surreply with disfavor and will not consider granting a motion seeking leave to file a surreply absent good cause shown. *Id.*; (Doc. No. 83). This court found that plaintiff did not demonstrate good cause to file a surreply. (Doc. No. 83 at 2). Plaintiff has not presented any arguments that demonstrate he is entitled to relief under Rule 60(b). Therefore, petitioner's motion for reconsideration is denied.

Accordingly, it is ORDERED plaintiff's motion for reconsideration (Doc. No. 88) is DENIED.

IT IS SO ORDERED.

Dated: May 10, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE