UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUBREY LEE BROTHERS, II,<br><br>            Plaintiff,<br><br>     v.<br><br>CHITA BUENAFE, N. RAMIREZ,<br><br>            Defendants. | Case No.   1:17-cv-00607-NONE-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT[1]<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>(Doc. No. 63) |

Pending before the court is defendants' motion for summary judgment with declarations and exhibits in support. (Doc. Nos. 63, 63-3 to 63-7). Plaintiff filed an opposition (Doc. No. 76) and defendants filed a reply (Doc. No. 78). This matter ripe for review on the record before the court. For the reasons stated below, the court recommends that the district court grant defendants' motion.

I.   BACKGROUND

   a.   Procedural Posture

Plaintiff Aubrey Lee Brothers, II, a state prisoner, initiated this action on May 1, 2017 by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 against defendants Chita Buenafe

---

[1] The undersigned submits these factual findings and recommendations to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

and N. Ramirez. (Doc. No. 1). Brothers thrice amended his complaint. (Doc. Nos. 10, 15, 24). On March 8, 2019, the court screened the third amended complaint under 28 U.S.C. § 1915A and issued findings and recommendations that: (1) Brothers be granted leave to proceed with his cognizable claims against Defendants Buenafe, a dentist, and Ramirez, a dental assistant; (2) Defendant Edgar Clark, a medical doctor, be dismissed; and (3) all non-cognizable claims be dismissed. (Doc. No. 28). Specifically, the court found that Brothers' third amended complaint, in which he alleges that Defendants Buenafe and Ramirez caused a bone fracture during a dental procedure and then refused to treat Brothers' pain, plausibly stated an Eighth Amendment violation for medical deliberate indifference. (*Id*. at 3-4). The district court adopted the findings and recommendations on April 1, 2019. (Doc. No. 30).

On April 3, 2019, the court ordered service of plaintiff's third amended complaint. (Doc. No. 31). Defendants answered the complaint on July 1, 2019. (Doc. No. 36). On November 5, 2019, defendants moved for exhaustion-based summary judgment. (Doc. No. 39), which the court denied. (Doc. Nos. 62, 79).

Before the court now is defendants' merits-based motion for summary judgment, filed October 12, 2020. (Doc. No. 63). The defendants submit the following in support of their motion for summary judgment: declaration of Buenafe (Doc. No. 63-4); declaration of Ramirez (Doc. No. 63-5); declaration of Clark (Doc. No. 63-6); declaration of Attorney Jeremy Duggan, defendants' counsel (Doc. No. 7); plaintiff's dental records (Doc. No. 63-4, Doc. No. 63-7); plaintiff's health care services request forms (Doc. No. 63-4, Doc. No. 63-7); and plaintiff's deposition testimony (Doc. No. 63-7). Although plaintiff references evidence in his opposition to defendants' motion for summary judgment, he did not attach any exhibits to his opposition. (Doc. No. 76). Defendants filed a reply. (Doc. No. 78).

In summary, defendants argue that they did not cause the bone fracture during the dental procedure, they did not know that Brothers had a bone fracture, and they did not disregard Brothers' claims that he was in pain. (Doc. No. 63 at 2). Defendants argue that they are entitled to summary judgment because there is no genuine issue of material fact as to Brothers' medical deliberate indifference claim. (*Id*.).

b. Factual Record

In accordance with Local Rule 260, defendants filed a statement of undisputed facts (Doc. No. 63-3), and plaintiff filed admissions and denials to these facts (Doc. No. 77 at 2-3). The relevant facts are as follows:

On March 10, 2014, Brothers had a dental appointment with Buenafe and Ramirez at California State Prison, Corcoran. (Doc. No. 63-5 at 1). Buenafe performed a filling replacement on Brothers with Ramirez's assistance. (Doc. No. 63-4 at 1, 5; Doc. No. 63-5 at 1). Brothers states that he complained of pain to Beunafe and Ramirez immediately following the procedure. (Doc. No. 77 at 2). Buenafe used local anesthetic medication when performing the dental procedure. (Doc. No. 63-4 at 2; Doc. No. 63-5 at 1). Buenafe did not believe it was medically necessary to provide Brothers with additional pain medication at that time. (Doc. No. 63-4 at 2). However, defendants referred Brothers to the medical department to seek relief from his pain. (Doc. No. 63-7 at 38). The parties dispute whether Brothers passed out after the dental procedure was complete. (Doc. No. 63-4 at 2; Doc. No. 76 at 3).

Buenafe knew Brothers submitted a request for medical services form on March 11, 2014 that stated he was experiencing pain resulting from the dental filling. (Doc. No. 63-4 at 2, 7). Brothers had a follow-up appointment that same day with Buenafe and Ramirez. (Doc. No. 63-7 at 31). When Brothers complained at that appointment that he was experiencing pain, defendants directed Brothers to seek medical help rather than dental help and did not prescribe Brothers any medication. (*Id*. at 39). Brothers believes that defendants should have prescribed him pain medication, rather than referring Brothers to medical help. (*Id*.). Defendants assert that proper CDCR procedure is to refer inmates to medical help when they are experiencing pain. (Doc. No. 63-4 at 3).

On March 18, 2014, Brothers was seen by Dr. Elms, another CDCR dentist, who adjusted the filling with assistance from Ramirez. (*Id*. at 9). On July 24, 2014, Brothers complained via a CDCR form that his tooth was discolored and that he was experiencing hot and cold flashes. (Doc. No. 63-7 at 4). The filling was replaced by another CDCR dentist, Dr. Uy, on September 18, 2014. (Doc. No. 53-7 at 7).

3

On October 6, 2014, Brothers underwent an MRI due to his complaints of pain in his head. (Doc. No. 24 at 11). The MRI showed an old left medial orbital wall fracture. (*Id.*). Brothers claims that this fracture occurred during his dental filling procedure on March 10, 2014. (Doc. No. 77 at 3). Brothers believes that defendants caused the orbital fracture because Buenafe implanted electrodes in his brain during the dental procedure. (Doc. N. 63-7 at 35). Buenafe denies implanting electrodes in Brothers' brain. (Doc. No. 63-4 at 2). Defendants assert that Brothers' orbital fracture was not caused by the dental procedure but was likely caused by trauma to Brothers' eye area. (Doc. No. 63-4 at 2-3; Doc. No. 63-6 at 2). They further maintain the orbital fracture was old and could not have occurred on March 10, 2014. (Doc. No. 63-6 at 1). No doctor told Brothers that the orbital fracture was caused by a dental procedure. (Doc. No. 63-7 at 34). Brothers has no medical training. (*Id.* at 25). Defendants had no knowledge of Brothers' orbital fracture prior to the filing of the instant lawsuit. (Doc. No. 63-4 at 3; Doc. No. 63-5 at 2).

II. APPLICABLE LAW

    a. Summary Judgment Standard

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Each party's position must be supported by: (1) citing to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v.*

*San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.,* 477 U.S. at 323). The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

    b. Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091,

1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show: (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). "This second prong— defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Indifference may be manifest "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* When a prisoner alleges a delay in receiving medical treatment, the delay must have led to further harm for the prisoner to make a claim of deliberate indifference to serious medical needs. *See McGuckin*, 974 F.2d at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." *Id.* (quoting *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Id.* at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." *Id.* (citing *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)). Additionally, a difference of opinion between the inmate and prison medical personnel—or between medical professionals—on appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference

claim. *See Toguchi*, 391 F.3d at 1058; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

          c.    Causation Requirement of § 1983

In an action brought under § 1983, including a deliberate indifference claim, a defendant may be liable to a plaintiff if the defendant "subject[ed], or cause[ed] to be subjected," the plaintiff to the deprivation of his constitutional rights. 42 U.S.C. § 1983; *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury.") (citing *Arnold v. IBM Corp.*, 637 F.2d 1350, 1355 (9th Cir.1981)). To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation. *Harper*, 533 F.3d at 1026 (citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996); *Arnold*, 637 F.2d at 1355). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

### III. ANALYSIS

Brothers contends that defendants acted with deliberate indifference to his serious medical needs when defendants caused an orbital bone fracture during a dental procedure and then failed to alleviate his pain following the procedure. The court first must consider whether defendants, the moving party, have met their initial burden of "proving the absence of a genuine issue of material fact" and showing prima facie entitlement to summary judgment on the issue of Brothers' medical deliberate indifference claim. *Celotex Corp.*, 477 U.S at 323.

To meet the prima facie elements of deliberate indifference, Brothers must show a "serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain" and that the defendants' "response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (internal quotation marks and citation omitted). The second prong is satisfied by showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (internal citations omitted).

When viewed in the light most favorable to the nonmoving party, the undisputed facts evidence that plaintiff had a serious medical need given his orbital bone fracture and head pain which began on or about March 10, 2014 and lasted through October 6, 2014. *See McGuckin*, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment."), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc). Therefore, plaintiff has made an adequate showing from which a reasonable jury could find a serious medical need, meeting the first prong of the deliberate indifference test.

However, defendants have negated the second prong of the deliberate indifference test—an essential element of Brothers' claim. Brothers cannot establish that defendants failed to respond to his pain or possible medical need with deliberate indifference. *Jett*, 439 F.3d at 1096.

As an initial matter, the undisputed facts show that defendants did not cause Brothers' orbital bone fracture. Defendants present evidence that the orbital fracture occurred at some point before the March 10, 2014 dental filling and that a dental filling would not cause an orbital fracture. Specifically, defendants provide the opinion of a medical doctor who reviewed plaintiff's MRI report, E. Clark. (Doc. No. 63-6 at 1):

> On or about October 6, 2014 I reviewed an MRI taken of Aubrey Brothers II's brain. I noted an old left medial orbital wall fracture shown in the image. I understand that Mr. Brothers is asserting that the fracture was caused by a dental filling replacement procedure in March 2014. I do not believe that is what happened. The fracture shown in the scan was over a year old, too old to have occurred in March 2014. In addition, that type of fracture would *not* be caused by a dental filling procedure. The most likely cause of that type of fracture would be trauma near Brothers's eye. Indeed, Mr. Brothers's medical records show there was scarring indicative of trauma in that area before March 2014.

(Doc. No. 63-6 at 1-2) (emphasis added).

Defendants also provide the medical opinion of Buenafe: "I understand that Mr. Brothers asserts that the filling replacement on March 10, 2014, caused a fracture to his orbital bone. A

simple occlusal alloy filling like the one I performed could not have caused an orbital bone fracture." (Doc. No. 63-4 at 2-3).

Moreover, the defendants have provided evidence showing they were not aware of Brothers' orbital fracture until the filing of this suit. Specifically, defendants provide Buenafe's statement: "I was not aware until the filing of this lawsuit that Mr. Brothers had an orbital bone fracture. If I knew Mr. Brothers had an orbital bone fracture (whether or not it was caused by a dental procedure) I would have recommended that he seek medical attention." (Doc. No. 63-4 at 3). Defendants also provide Ramirez's similar statement that she did not know that Brothers had an orbital bone fracture until the filing of this lawsuit. (Doc. No. 63-5 at 2). Further, Brothers' orbital bone fracture was not diagnosed until October 6, 2014, well after Brothers' dental procedure and interaction with defendants. (Doc. No. 24 at 11).

Defendants further have presented evidence that they provided Brothers with the appropriate medical referral for his pain. Buenafe states: "After that encounter (March 10, 2014 appointment), I reviewed a health care services request form from Mr. Brothers dated March 11, 2014, stating that he was not happy with his filling and was experiencing pain. . .. After reviewing that document, I made sure that Brothers was seen by a dentist to correct any deficiencies with the filling." (Doc. No. 63-4 at 2). Buenafe further states that: "[w]here a dental patient states he is in pain, and the pain does not appear to originate from a dental problem, my practice, and that of other CDCR dentists, is to refer that patient to CDCR medical. CDCR medical then provides appropriate treatment." (*Id*. at 3). Buenafe testified that she had no further interactions with Brothers after March 11, 2014. (Doc. No. 63-4 at 2). Thus, defendants have met their initial burden on summary judgment by showing the absence of a genuine issue of material fact as to Brothers' deliberate indifference claim. *See Celotex Corp.*, 477 U.S. at 325.

Because defendants have satisfied their initial burden, the burden now shifts to Brothers to present specific facts that show a genuine issue of a material fact. *See* Fed R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586. Brothers contends that defendants caused the orbital bone fracture and then knowingly failed to treat the resulting pain from that fracture. Brothers' argument is unpersuasive and, indeed, is refuted by the evidence in the record. As discussed above,

"[d]eliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837); *see Toguchi*, 391 F.3d at 1057 ("If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.").

Here, Brothers has failed to present evidence that defendants caused Brothers' orbital bone fracture. Brothers contends, without providing any evidence, that defendants caused the orbital fracture during his dental filling procedure when they inserted electrodes into his brain. (Doc. N. 63-7 at 35). Brothers is not a medical professional. (Doc. No. 63-7 at 25). Brothers' allegations as to the cause of the fracture are outside of his personal knowledge and require medical expertise. Thus, these allegations would not be admissible at trial and a reasonable trier of fact would have no evidence upon which to find those alleged facts. *See Anderson*, 477 U.S. at 252; Fed. R. Civ. P. 56(c)(4). Moreover, Brothers admitted in his deposition that he has not been told by any doctors that the fracture was caused by the dental procedure. (Doc. No. 63-7 at 34). Brothers has accordingly failed to demonstrate a causal connection between the dental filling procedure and the bone fracture. *See Harper*, 533 F.3d at 1026.

Next, Brothers claims that defendants knew of and failed to treat his pain. Although Brothers presents evidence that he was in pain and that defendants knew of his pain on March 10 and 11, 2014, Brothers presents no evidence showing that defendants knew of Brothers' pain after March 11, 2014. Moreover, Brothers fails to show that defendants acted with deliberate indifference in response to his complaint of pain on March 10 and 11, 2014. On March 10, 2014, Buenafe treated Brothers with local anesthetic for the procedure and then referred him to the medical department for his pain. (Doc. No. 63-4 at 2; Doc. No. 63-5 at 1; (Doc. No. 63-7 at 38). On March 11, 2014, defendants again referred Brothers to the medical department to seek relief from his pain consistent with medical protocol. (Doc. No. 63-7 at 39).

The most Brothers has shown is a difference of opinion—namely whether a dentist or a medical doctor should treat pain. While defendants contend that a medical referral is appropriate

for pain relief, Brothers contends defendants should have prescribed him pain relief medication. (Doc. No. 63-7 at 32). "A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014) (quoting *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012)). Instead, the plaintiff "'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to plaintiff's health.'" *Id.* (quoting *Snow*, 681 F.3d at 988). Distinguishing a difference of opinion from a choice of medically unacceptable treatment can pose a challenge, but it remains uncontroversial that a medical professional must exercise some degree of professional judgment; a plaintiff can prevail by showing that a medical professional exercised no medical judgment at all. *See id.* at 1069. Brothers has not shown that defendants failed to exercise any medical judgment. Instead, the record demonstrates when plaintiff advised defendants of his pain, defendants promptly referred plaintiff to medical for treatment for his pain. (Doc. No. 63-7 at 38-39).

In sum, the evidence, construed in favor of Brothers, is insufficient to raise a triable issue whether defendants caused Brothers' orbital bone fracture and failed to treat his pain following his dental procedure. The court therefore concludes that there is no genuine issue of material fact and that defendants are entitled to the entry of summary judgment in their favor.

Accordingly, it is **RECOMMENDED**:

1. Defendants' motion for summary judgment (Doc. No. 63) be **GRANTED**.
2. Judgment be entered in favor of the defendants; all deadlines be terminated; and, the case be closed.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   May 26, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE