UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUBREY LEE BROTHERS, II,<br><br>             Plaintiff,<br><br>      v.<br><br>CHITA BUENAFE, *et al*.<br><br>             Defendants. | No.  1:17-cv-00607-NONE-HBK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DIRECTING THAT JUDGMENT BE ENTERED IN FAVOR OF DEFENDANTS AND THAT THIS CASE BE CLOSED<br><br>(Doc. Nos. 63, 92) |

Plaintiff Aubrey Lee Brothers, II, is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 26, 2021, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion for summary judgment be granted.  (Doc. No. 63.)  On June 28, 2021, plaintiff filed objections to those findings and recommendations.  (Doc. No. 95).

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case.

Plaintiff objects, arguing that the magistrate judge improperly stated plaintiff did not attach any exhibits to his opposition.  (Doc. No. 95 at 1–2.)  The magistrate judge correctly noted

1

that plaintiff's opposition did not include the exhibits he referred to.  (Doc. No. 92 at 2 (citing Doc. No. 76).)  Plaintiff has attached exhibits to his objections (Doc. No. 95), and the court has reviewed those exhibits in considering his objections to the pending findings and recommendations.

The magistrate judge recommended granting summary judgment in favor of defendants, in part, because defendants were not aware of plaintiff's orbital fracture until he filed this lawsuit.  Plaintiff argues that defendants were aware of his pain and fracture due to his repeated filing of inmate  grievances.  (Doc. No. 95 at 2, 8–10, Exs. B, C (healthcare-services-request forms and medical and dental records).)  However, none of these records establish that either defendant had anything to do with plaintiff's dental care after March 18, 2014.  Many records and requests are from or directed to medical, rather than dental, services.  The court was unable to locate any evidence that either defendant named in this action reviewed or signed off on the documents in question dated after March 18, 2014.  Therefore, this evidence before the court on summary judgment does not establish that defendants were aware of plaintiff's condition at any relevant time.

Next, plaintiff objects to the pending findings and recommendations on the ground that the medical and dental professionals kept blaming the other and neither addressed his pain for months.  (Doc. No. 95 at 3–4.)  However, defendants have come forward with evidence on summary judgment that plaintiff's pain resulted from a medical, rather than a dental, problem.  (*See* Doc. No. 63-6 ¶ 3 (declaration of E. Clark, MD, that plaintiff's injury most likely caused by trauma near his eye and plaintiff's medical records show scarring indicative of trauma near the eye).)  Plaintiff argues that these opinions are not facts, but he fails to point to any flaw with the magistrate judge's reasoning based upon that undisputed evidence.  (*See* Doc. No. 95 at 3–4, 10.)  Had plaintiff named a proper defendant, it is plausible that his case could continue against that defendant for failing to provide him with timely medical treatment, as opposed to dental care.  Plaintiff's mere argument does not establish the existence of a material issue of disputed fact as to the named defendants' liability.

/////

2

Plaintiff also argues that defendants' answers to interrogatories state that they cannot recall whether they refused him pain medication the day of or the day after his dental procedure. (Doc. No. 95 at 6–7.) However, plaintiff himself testified at his deposition that defendants had told him to make a medical request for treatment of his pain. (Doc. No. 63-7 at 38–39.) Such a response itself does not establish that the named defendants were deliberately indifferent to plaintiff's condition, especially given how soon the request came after the dental procedure was performed.

Accordingly,

1. The findings and recommendations issued on May 26, 2021 (Doc. No. 92) are adopted in full;
2. Defendants' motion for summary judgment (Doc. No. 63) is granted;
3. The Clerk of the Court is directed to enter judgment in favor of defendants C. Buenafe and N. Ramirez; and
4. The Clerk of the Court is directed to assign a district judge for purposes of closing this case and to close this case.

IT IS SO ORDERED.

Dated: **September 30, 2021**

UNITED STATES DISTRICT JUDGE